UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

                                                      09 CR 135 (SJ)

                                                      MEMORANDUM
      - against -                                   AND ORDER

JOHN BURKE
DAVID D'ARPINO
ANGELO RUGGIERO, JR. et al
                Defendants.
-------------------------------------------------------X
A P P E A R A N C E S:

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Jacquelyn M. Rasulo
        Whitman G.S. Knapp
Assistant United States Attorneys
Attorneys for the Government

LAW OFFICES OF GUY OKSENHENDLER
27 Union Square West, Suite 503
New York, NY 10003
By:    Guy Oksenhendler
Attorney for Defendant Angelo Ruggerio Jr.


JOHNSON, Senior District Judge:

       Defendants John Burke ("Burke"), David D'Arpino ("D'Arpino") and Angelo

Ruggiero Jr., ("Ruggiero") are charged in a seven-count indictment alleging various

violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §1961 et seq. Presently before the Court is Ruggiero's motion for severance,

pursuant to Federal Rules of Criminal Procedure ("Rules") 8 and 14. For the reasons set forth below, the motion for severance is GRANTED.[1]

## BACKGROUND

### A. The Indictments

At the time of this motion, the case is proceeding on its fifth superseding indictment. The genesis of this case goes back to a grand jury indictment returned in the Middle District of Florida on July 31, 2008, charging multiple defendants with multiple offenses (the"2008 indictment"). (See 2008 indictment, Docket ("Dkt.") # 2.) A change in venue to the Eastern District of New York and four superseding indictments later bring us to the present motion under the operative fifth superseding indictment (the "S-5 indictment"). (See S-5 indictment, Dkt. # 162.)

The S-5 indictment charges Burke and D'Arpino with racketeering and racketeering conspiracy related to their alleged participation in the Gambino Crime Family of La Cosa Nostra, a criminal enterprise as defined in 18 U.S.C. § 1961(4), and in violation of 18 U.S.C. § 1962. The alleged predicate acts underlying the racketeering counts include three murders, robberies, burglaries, home invasions, kidnapping, extortion, extortionate extensions of credit, gambling, collection of unlawful debt, drug trafficking, money laundering, and witness tampering, among

---

[1] The Government, in its response to Ruggiero's motion for severance, supplies an additional briefing section arguing that Ruggiero has not established his need for a bill of particulars. Because Ruggiero's request for a bill of particulars was submitted as part of an un-briefed letter request for discovery, the Court does not address this issue here. Ruggiero, however, is invited to properly move for a bill of particulars and/or submit a reply brief in response to the Government's papers, if he wishes a decision and order on that issue.

other acts, from 1980 up to and including the November 18, 2010 date of the indictment, and in several jurisdictions.

John Burke and D'Arpino are the only defendants from the 2008 indictment currently charged in the latest indictment. The S-5 indictment adds defendant Ruggiero for the first time and alleges new offenses that implicate another defendant named in the 2008 indictment—James Cadicamo.[2]

The indictment does not allege that Ruggiero was part of the criminal enterprise, and he is not charged with any of the racketeering counts. The indictment charges Ruggiero, in Counts 6 and 7, with the substantive count of witness tampering and attempted witness tampering between May 2009 and January 2010. (S-5 Indictment ¶¶ 48-49.) The indictment alleges that Ruggiero, together with D'Arpino and unindicted co-conspirator Cadicamo, conspired to use physical force and the threat of physical force against a witness in a criminal proceeding in the Eastern District of New York. The Government elsewhere indicated that the witness tampering charges arose from the alleged efforts by the three men, while incarcerated at the Metropolitan Detention Center in Brooklyn, to intimidate a cooperating witness in order to prevent said witness from testifying in criminal proceedings against Cadicamo. (Government Letter dated Nov. 22, 2010, Dkt. #158; Government Opposition Brief to Ruggiero's Motion for Severance, Dkt. # 189 at 3–4). The substantive offenses in Count 6 and 7

---

[2]On May 17, 2010, Cadicamo pled guilty to two counts of a five count superseding indictment wherein he is named as the sole defendant, and is currently serving 105 months in prison. (See generally Dkt. ## 71, 155.)

are also the predicate offenses for a separate racketeering count against D'Arpino. (S-5 Indictment ¶¶ 38–40.)

Ruggiero filed this instant motion arguing that he was improperly joined and requesting severance from Burke and D'Arpino. (Dkt. # 189.)

## DISCUSSION

**A.     The Propriety of Joinder under Federal Rule of Criminal Procedure 8**

Ruggiero seeks to be tried separately from Burke and D'Arpino. He argues that joinder is improper under Rule 8(a) because there is no logical connection between the witness tampering offenses he is charged with in Counts 6 and 7 of the indictment and the RICO offenses his co-defendants are charged with in Counts 1 through 5. He also contends that joinder is also improper under Rule 8(b) because the indictment alleges no common plan or scheme or unity, the requisite standard for joinder under the Rule. More specifically, Ruggiero advances, the witness tampering offenses he is charged with are not "integrally related" and do not have any "temporal or special relationship" to the remaining counts of the indictment or any of the RICO predicate acts leveled against his co-defendants.

In opposition, the Government maintains that Ruggiero is properly joined because he is charged with witness tampering relating to the prosecution of the underlying RICO conspiracy. In particular, the Government emphasizes that Ruggiero

is charged with substantive offenses that are also the predicate acts of RICO charges against D'Arpino.

The Court addresses the propriety of Ruggiero's joinder with his co-defendants under Rule 8(b). As the Government correctly points out as well, it is well-settled that while a movant in a multi-defendant and multi-offenses case may move for a severance under either Rule 8(a) or Rule 8(b), Rule 8(b) is the governing rule when a movant seeks severance from co-defendants in such instances, as is the case here. See generally, United States v. Attanasio, 870 F.2d 809, 814 (2d Cir. 1989); United States v. Turoff, 853 F.2d 1037, 1043 (2d Cir. 1988). Rule 8(b) permits joinder of multiple defendants and offenses when such defendants "are alleged to have participated in the same acts or transaction or in the same series of acts or transactions constituting an offense or offenses." FED. R. CRIM. P. 8(B); see also, Turoff 853 F.2d at 1042. The Second Circuit has construed this language to mean that joinder of defendants is appropriate where the alleged criminal conduct is "unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." United States v. Attanasio, 870 F.2d at 815 (citations omitted) (finding the overlap of participants in two separate conspiracy counts—one alleging income from loansharking and the other tax fraud related to said income— was sufficient to justify joinder under Rule 8(b)).

Ruggiero's argument that there is no logical connection justifying Rule 8(b) joinder is unavailing. Ruggiero is charged with substantive offenses that form the basis

5

for one count of racketeering against D'Arpino. (Compare S-5 Indicment ¶¶ 48-49 with S-5Indictment ¶¶ 14–16.) In this Circuit is well-settled that joinder is appropriate pursuant to Rule 8(b) when, as is the case here, a defendant in a RICO indictment is charged only with the predicate acts as independent offenses and not with violating the RICO statute. See e.g., United States v. Cervone, 907 F.2d 332, 341 (2d Cir. 1990)) (upholding the denial of severance under Rule 8(b) where movant was the only defendant charged in the two-counts naming him within a 102-count indictment); United States v. Weisman, 624 F.2d 1118, 1129 (2d Cir. 1980) (finding that joinder was appropriate where movant was charged with various counts of bankruptcy fraud that were also charged as RICO predicate acts against some of his codefendants even though movant was not named in the RICO counts). Moreover, courts in this Circuit have found joinder proper in circumstances more attenuated than the facts presented here. United States v. Locascio, 357 F. Supp. 536, 541–42 (E.D.N.Y. 2004) (finding joinder appropriate when movant was not charged in the indictment's RICO counts or in any of the separately charged predicate acts underlying the RICO charges against his co-defendants). Accordingly, under the principles long established in this Circuit, Ruggiero's joinder is proper under Rule 8(b).

**B. Severance Pursuant to Federal Rule of Criminal Procedure 14(a)**

Ruggiero alternatively moves for severance pursuant to Rule 14(a), arguing that he would suffer prejudicial "spillover" from the magnitude of the evidence that would be required to prove the RICO counts against Burke and D'Arpino.

Rule 14(a) allows a district court to grant severance as a matter of discretion even if joinder was proper under Rule 8.[3] See, e.g., United States v. Turoff, 853 F.2d 1037, 1043 (2d Cir. 1988); United States v. Blout, 291 F.3d 201, 209 (2d Cir. 2002). The district court's exercise of its discretion pursuant to Rule 14(a) is "virtually unreviewable" on appeal. United States v. Cardascia, 951 F.2d 474, 483 (2d Cir. 1991) (citations omitted). A movant seeking severance nevertheless bears the heavy burden of showing that substantial prejudice would result from a joint trial with his co-defendants. See, e.g., Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Hernandez, 85 F.3d 1023, 1029 (2d Cir. 1996); Turoff, 853 F.2d at 1043.

Ruggiero raises two arguments in support of his motion to sever—prejudicial spillover and judicial economy.

Concerning prejudicial spillover, he asserts that most of the extensive evidence that Government intends to present against his co-defendants is inadmissible against

---

3 Rule 14(a) provides:
    If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."
  FED. R. CRIM P. 14(A).

7

him and that the evidence would spill over to him and unduly prejudice him.  Ruggiero maintains that a jury would not be able to compartmentalize such substantial yet otherwise inadmissible evidence against him and, as such, a joint trial would risk an unreliable jury verdict.  Ruggiero further contends that the spillover effect could not be cured with a limiting instruction to the jury because the nature and basis of the charges against him—witness tampering conspiracy between May 2009 and January 2010, and attempted witness tampering—are qualitatively different from the charges against his co-defendants, including an alleged RICO conspiracy spanning over a 30-year-plus period.

Concerning his efficiency arguments, Ruggiero maintains that a separate trial on the witness tampering charges—with its anticipated limited amount of evidence—would be far shorter in time than a joint trial with his co-defendants.  A joint trial would involve substantial evidence that would be introduced solely against his co-defendants and which would necessitate numerous inefficient requests for limiting instructions to the jury.

The Government in response asserts in sum that: (i) the risk of spillover is minimal because the charges are such that a jury would be able to compartmentalize; (ii) the minimal risk, in any event, could be cured with a limiting instruction to the jury; and lastly, (iv) joinder would promote judicial economy because the proof against

Ruggiero as well as the proof against Burke and D'Arpino consists of at least five overlapping witnesses.

After balancing these opposing positions, the Court finds that severance is the proper course here. The Court is persuaded that the risk of prejudicial spillover is significant. Ruggiero is charged in a complex indictment with two counts that are both limited in scope and in time. His co-defendants, on the other hand, are charged with participating in comparatively violent criminal acts, including three murders, several robberies and assaults as predicate acts of an alleged RICO conspiracy spanning three decades. See, e.g., United States v. Gilbert, 504 F. Supp. 565, 571 (S.D.N.Y. 1980) (granting severance for a minor participant in a securities conspiracy where the movant "made a sufficient showing of disproportionate involvement in the overall scheme to raise a substantial risk that he would be prejudiced by the gradually accumulating effect of evidence," against his co-defendant). Furthermore, the overwhelming evidence that will be offered in the prosecution of a joint trial with Burke and D'Arpino will not be admissible against Ruggiero in a severed trial. The Supreme Court has recognized that where "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice." Zafiro, 506 U.S. at 539; see also, United States v. Dinome, 954 F.2d 839, 844-845 (reversing the conviction of defendants who were denied a severance motion in part because at trial, the defendants "were swamped by [a] mass of irrelevant

evidence"); compare United States v. Persico, 621 F. Supp. 842, 853 (S.D.N.Y 1985) (noting that severance was not necessary merely because some of the evidence offered was inadmissible against the movant). Assessing such risk, the Supreme Court counsels, will depend on the facts of a particular case. Zafiro, 506 U.S. at 539. Here the evidence that would be inadmissible against Ruggiero in a severed trial undoubtedly includes evidence of several murders and violent acts. The Second Circuit has recognized that when the inadmissible evidence against a movant "reflects activities of a violent nature," as is the case here, severance rather than a limiting instruction may be appropriate. Cardascia, 951 F.2d at 483 (declining to reverse a denial of severance of several defendants charged with bank fraud conspiracy when the evidence that was inadmissible these movants also concerned another bank fraud scheme rather than a violent crime); see also DiNome, 954 F.2d 839 (finding prejudice against some defendants in a RICO trial, against whom none of the evidence relating to the alleged RICO enterprise was admissible where the evidence against their co-defendants included, among other things, murders). The Court finds that these cases apply here given the qualitative differences in the charges against Ruggiero as compared to his co-defendants.[4]

---

[4] The Court is mindful, as the Government correctly notes, that the Second Circuit has declined to reverse denials of a severance motion in similar circumstances when the trial court provided an appropriate limiting instruction to the jury. See e.g., United States v. Diaz, 176 F.3d 103,104 (2d Cir. 1999); United States v. Hernandez, 85 F.3d 1023, 1029-30 (2d. Cir. 1996); United States v. Devillo, 983 F.2d 1185, 1192-93 (2d Cir. 1993); United States v.Carson, 702 F.2d 351, 367 (2d Cir 1983). The Court notes, however, that the standard of review for reversing a district court's denial of a severance motion is the "extremely difficult burden of showing an abuse of discretion." United States v. Salameh, 152 F.3d

Additionally, the Court is also persuaded by Ruggiero's argument concerning judicial economy. A separate trial for Ruggiero will be the most efficient use of judicial resources in this case. Although the Government will present some overlapping proof concerning Ruggiero's alleged status as a Gambino crime family solder at trial as background, the proof required to sustain a conviction on the witness tampering charges against Ruggiero is substantially different from the proof required for conviction on the 30-year RICO conspiracy. Contrary to the Government's characterizations, the Court does not find five limited overlapping witnesses are substantial enough to necessitate a joint trial in the context of an indictment that alleges a 30-year RICO conspiracy, wherein the alleged pattern of racketeering activities includes, among other alleged acts, murders, drug trafficking, and several robberies. See, e.g., Gilbert, 504 F. Supp. at 571 (noting the efficiencies of a severance after finding the risk of prejudicial spillover unacceptable where movant was charged in relatively few counts of a complex indictment); Dinome, 954 F.2d at 845 (noting, in reversing the conviction of non-RICO defendants in a RICO trial who were not tried separately, that a severed trial could have been completed in a very short time and completely eliminate the risk of spillover prejudice). And finally, the Court notes that

---

88, 115 (2d Cir. 1998). As such, those line of cases are not dispositive here. "Rule 14 leaves the determination of risk and prejudice and any remedy to the sound discretion of the district courts," Zafiro v. United States, 506 U.S. 534, 541 (1993).

other factors that typically support a preference for joinders, such as the risk of inconsistent verdicts from separate trials and/or the favorable positions that later-tried defendants would obtain, are not implicated here. See, e.g., Cardascia, 951 F.2d at 482-83.

## CONCLUSION

Based on the foregoing, Ruggiero's Motion for Severance is GRANTED.

SO ORDERED.

DATED:    March 11, 2011                _____/s/_____
               Brooklyn, New York      Sterling Johnson Jr. Senior U.S.D.J.