UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                              09 CR 135 (SJ) (JO)

          v.                              <u>MEMORANDUM
                                              AND ORDER</u>

ANGELO RUGGIERO, Jr.,
also known as "Ang," "Little Ang,"
and "Junior Ruggiero,"

        Defendant.
----------------------------------------------------X

A P P E A R A N C E S:

UNITED STATES ATTORNEY
Loretta E. Lynch
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Jacquelyn Kasulis
         Whitman G.S. Knapp
Attorneys for the Government

SETH GINSBERG
225 Broadway
Suite 715
New York, NY 10007
Attorney for Defendant

CHARLES F. CARNESI
1225 Franklin Avenue, Suite 325
Garden City, New York 11530
Attorney for Defendant

**JOHNSON, Senior District Judge:**

Angelo Ruggiero, Jr. ("Defendant" or "Ruggiero") has been charged with racketeering (supported by three racketeering acts) as well as one count of witness tampering conspiracy and one count of witness tampering. The government moves the Court to empanel an anonymous, partially-sequestered jury. Based on the submissions of the parties, and for the reasons stated below, the government's motion is granted.

## BACKGROUND

The Superseding Indictment alleges that Defendant is a soldier in the Gambino crime family ("Gambino Crime Family" or the "Enterprise"). The structure and workings of the Enterprise are outlined in greater detail in my March 30, 2012 order granting an anonymous, partially-sequestered jury in the severed trial of his co-defendant John Burke, and familiarity therewith is assumed. Also included in my March 30, 2012 order and incorporated by reference herein is a brief summary of the many cases in this district in which members of the Gambino Crime Family have been able to contact, intimidate and/or follow jurors or potential witnesses, including one case in which a cousin of a juror was bribed and then murdered after the bribe failed to result in an acquittal.

As to Ruggiero, the allegations in the Superseding Indictment (under which only he was indicted) are as follows: Ruggiero is alleged to have been a part of the Enterprise between approximately January 2001 and January 2010. In his capacity therein, he is alleged to have engaged in a money laundering conspiracy, to have conspired to murder and attempt to kill an individual known at this time only as John Doe #1, and to have tampered with a witness referred to as John Doe #2. More specifically, as to the tampering charges, the government alleges that Ruggeiro's co-defendant James Cadicamo ("Cadicamo") enlisted the services of John Doe #2 to prevent, by means of violence if necessary, the testimony of a grand jury witness in a Middle District of Florida prosecution of Cadicamo. Cadicamo was indicted in this district for several crimes, including his enlistment of John Doe #2. The government further alleges that Cadicamo expected John Doe #2 to testify against him in his anticipated trial,[1] and he, Ruggiero and another individual, co-defendant David D'Arpino, then attempted to prevent John Doe #2's would-be testimony.

## **DISCUSSION**

"When genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." United States v. Vario, 943 F.2d

---

[1] Cadicamo's trial became a nullity after his May 2010 plea of guilty to racketeering and racketeering conspiracy.

236, 239 (2d Cir. 1991) (collecting cases). However, "[t]he [e]mpanelling of an anonymous jury—and its impact on the presumption of innocence must . . . receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense." United States v. Thomas, 757 F.2d 1359, 1363 (2d Cir. 1985) (citing Estelle v. Williams, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976).) To that end, the Second Circuit has pronounced a two-prong inquiry to determine whether an anonymous jury is warranted. "[T]here must be, first, strong reason to believe that the jury needs protection and, second, reasonable precaution must be taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." Id. at 1365; see also United States v. Paccione, 949 F.2d 1183, 1192 (2d Cir. 1991).

The first prong in this test is more than satisfied as to Ruggiero. Based on prior incidents of witness and jury tampering, many actions in this district brought against members of organized crime families have warranted additional jury protection. See, e.g., United States v. Gioeli, No. 08 CV 240 (BMC) (E.D.N.Y. Jul. 28, 2011); United States v. Basciano, 2011 WL 167578, at *5 (E.D.N.Y. Jan. 19, 2011); United States v. Scala, 405 F. Supp. 2d 450 (S.D.N.Y. 2005); United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. Oct. 7, 2004). While Ruggiero argues that United States v. Fortunato, 2002 WL 31946813 (E.D.N.Y. Dec. 17, 2002) supports a different result, the court in that action instituted several significant jury protections in the trial of Genovese family associates, who were not "made"

members of that family.  Id. at 2.  Those protections included partial sequestration and concealment of the jurors' first names, residences and employers.  Id.

Additionally (and more importantly, as organized crime ties are not enough justification for an anonymous jury) Ruggiero is alleged to have tampered with a witness in this very action.  These factors, coupled with the fact that Ruggiero is charged with racketeering acts carrying substantial sentences, indicate that the jurors in his trial deserve extra protection.  See United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994) (taking into account the seriousness of the charges and the dangerousness of the defendant, including his ability to interfere (and history of interfering) with the judicial process either alone or via his connections); see also Vario, 943 F.2d at 241("[T]he specter of organized crime has played into our previous decisions to uphold the use of anonymous juries, but in these decisions, it was the reasonable likelihood of juror intimidation, not the incantation of the words "the mob" or "organized crime," that prompted the anonymous jury.")

Secondly, the Court will make every attempt to minimize the extent to which anonymity and partial sequestration may influence the jury by informing the veniremen at voir dire that the additional security serves to protect their privacy in light of potential media coverage of the trial and by conducting the voir dire alone, i.e., without questions directly from counsel.  Additionally, the parties are hereby instructed to set upon the task of determining the content of the juror questionnaire

and to collaborate with each other, with an eye to ensuring that the questions reveal juror bias. See United States v. Barnes, 604 F.2d 121, 140 (2d Cir. 1979) ("As long as a defendant's substantial rights are protected by a voir dire designed to uncover bias as to issues in the cases and as to the defendant himself" the reasonableness factor is satisfied.); see also United States v. Tutino, 883 F.2d 1125, 1133 (2d Cir. 1989) (finding reasonable a court-conducted voir dire omitting veniremen's names, addresses, and place of employment but inquiring into type of employment of veniremen and their families, marital status, military and religious background); cf. United States v. Basciano, 2011 WL 167578, at *5 (E.D.N.Y. Jan. 19, 2011). The questionnaire shall be filed with the Court on or before May 31, 2012.

For the foregoing reasons, the government's motion is granted.

SO ORDERED.


DATED: April 25, 2012               /s_____
      Brooklyn, New York        Sterling Johnson, Jr., U.S.D.J.